M. F. WINTERSMITH, ET AL. *v.* ELIZABETH FAIRLEIGH, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—241.]

**Judgment in Insolvent Estate.**

> A judgment in the settlement of an insolvent estate should specify the names of the creditors and the amount which each is entitled to on distribution, or at least state the whole amount due and the per cent. to be paid thereon to each creditor.

## APPEAL FROM LARUE CIRCUIT COURT.

September 13, 1883.

OPINION BY JUDGE HARGIS:

Albert Goodan's response to the rule against him to show cause why he should not pay the cost of the controversy between him and the other creditors of the Fairleighs as to the sale of the land by them to him was wholly insufficient. He should have been adjudged to pay the cost of that contest until the rights of the parties were actually settled by this court. That cost was erroneously directed or allowed to be paid out of the estate of the Fairleighs, and whether a rule was the appropriate remedy or not, the judgment and orders appealed from show the error and it is not our duty under the assignments of error to correct it.

As Goodan got the interest of William Q. Fairleigh in the land, its value should have been deducted from his (Goodan's) claim and a pro rata allowed him only on the remainder.

Although the exceptions to Stone's report are general and would not ordinarily be specific enough, yet the error last named is palpable upon the face of his report and the judgment; therefore, according to former adjudications of this court, it will correct such error. *Slaughter's Admrs. v. Slaughter's Heirs,* 8 B. Mon. (Ky.) 482.

The judgment is also defective in not specifying the names of creditors and the amount which each was entitled to in the distribution of the insolvent estate, or at least in not stating the whole amount due and the per cent. to be paid thereon to each creditor. A general reference to the commissioner's report, leaving its construction to the commissioner as to the names of the creditors and the amount

which they were entitled to under it, is too uncertain and subject to too much confusion for this court's approval as a valid judgment. It is also objectionable because it relegates to the commissioner judicial powers which should be exercised by the court. There is no other error apparent to us.

Wherefore, the judgment is *reversed* and cause remanded with directions to render judgment in conformity to this opinion. It is adjudged that Albert Goodan pay the costs of this appeal.

*S. H. Bush, for appellants.*

*W. H. Chelf, Wm. Johnson, W. Howell, for appellees.*